[THE STATE EX REL.] THOMAS, APPELLANT, *v.* OHIO
ADULT PAROLE AUTHORITY, APPELLEE.

[Cite as *State ex rel. Thomas v. Ohio Adult Parole
Auth.* (2000), 90 Ohio St.3d 317.]

(No. 00–1208—Submitted October 17, 2000—Decided December 13, 2000.)

318

*Cleveland Thomas,* pro se.

*Betty D. Montgomery,* Attorney General, and *Dawn M. Tarka,* Assistant Attorney General, for appellee.

***Per Curiam.*** Thomas asserts that the court of appeals erred in denying the writ. He claims that the narrow issue in this appeal is whether the APA committed error by precluding him from raising the defense of entrapment in his parole revocation mitigation hearing.

Thomas's assertion lacks merit. Even assuming that as a general proposition entrapment can be raised in revocation proceedings, the consent decree specifies that "[c]lass members may not relitigate the new felony conviction [upon which the parole violation is based] at the mitigation hearing." 927 F.Supp. at 247. This is consistent with the relevant due process considerations outlined by the United States Supreme Court in *Morrissey v. Brewer* (1972), 408 U.S. 471, 490, 92 S.Ct. 2593, 2605, 33 L.Ed.2d 484, 499 ("Obviously a parolee cannot relitigate [in a revocation proceeding] issues determined against him in other forums, as in

the situation presented when the revocation is based on conviction of another crime"). The APA thus did not deprive Thomas of constitutional due process at his mitigation hearing by limiting the evidence concerning his claimed innocence of the crime to which he pled guilty.

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.